UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. TURNER,<br>　　　　Plaintiff,<br>　v.<br>JEFFREY S. WHITE, et al.,<br>　　　　Defendants. | Case No. 19-cv-01126-EMC<br><br>**ORDER**<br>Docket Nos. 7, 8 |

Edward Turner, an inmate at the California Medical Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on February 28, 2019. On that date, the Clerk notified Mr. Turner that his complaint was deficient because he had not signed it; the Clerk notified him that he needed to submit a signed copy of the complaint within 28 days or the action would be dismissed. On that same date, the Clerk notified Mr. Turner that he had failed to pay the filing fee or submit a completed *in forma pauperis* application; the Clerk notified him that he needed to pay the filing fee or submit a completed *in forma pauperis* application within 28 days or the action would be dismissed. Although the deadline by which to do so has long passed, Mr. Turner did not submit a signed copy of his complaint and did not submit a completed *in forma pauperis* application or pay the filing fee.

Mr. Turner filed a motion for appointment of counsel in which he also requested a 60-day extension of time for an unspecified deadline. Docket No. 7. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.*

Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present in this case because there appears to be virtually no likelihood of success on the merits of the complaint that makes little sense and sues two federal judges and the State of California. Mr. Turner's request for appointment of counsel to represent him in this action is **DENIED**. Docket No. 7.

The Court construes the request for an extension of the deadline in the motion for appointment of counsel to be a request an extension of the deadline to file a signed copy of the complaint and a completed *in forma pauperis* application and **GRANTS** the request. Mr. Turner must file a signed copy of the complaint no later than **July 26, 2019.** Mr. Turner also must pay the $400.00 filing fee or submit a completed *in forma pauperis* application no later than **July 26, 2019**. Failure to file the required materials by the deadline will result in the dismissal of this action.

Mr. Turner's motion for a hearing and a meeting with opposing counsel is **DENIED**. Docket No. 8. There is no matter pending that requires a hearing or any sort of meet-and-confer proceeding.

**IT IS SO ORDERED**.

Dated: June 18, 2019

_____
EDWARD M. CHEN
United States District Judge